| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| AVRAHAM ABADA<br><br>                              Plaintiff<br><br>   -against-<br><br>DELTA AIRLINES, INC.<br><br>                              Defendant | **COMPLAINT**<br><br>Civ Action No.:<br><br>Jury Trial Demanded |

Plaintiff, AVRAHAM ABADA ("Plaintiff" or "Abada"), by and through his attorneys, MASON LAW, PLLC., brings this action against Defendants, DELTA AIR LINES, INC. ("Delta"), and respectfully alleges, as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e,et seq., under the laws of the State and City of New York, and any other cause of action which can be inferred from the facts set forth herein.

2. Plaintiff seeks injunctive and declaratory relief, compensatory, punitive damages and other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

3. The Court has Jurisdiction over Federal Law claims 28 U.S.C. §1331 and supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

4. This action properly lies within the Eastern District of New York, pursuant to 28 U.S.C. § 1391 as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district at JFK International Airport, in Queens County, New York.

## NATURE OF THE ACTION

5. Plaintiff, Abada, a former employee of Delta Air Lines brings this lawsuit against his previous employer, Delta, to remedy discrimination based upon his status as being Jewish, Hebrew and/or Israeli. Delta subjected Plaintiff to race, religious and national origin discrimination and a hostile and discriminatory work environment in violation of federal law.

## PARTIES

6. The Plaintiff is a resident and domiciliary of the County of Kings, State of New York.

7. At all times relevant to the Complaint, Plaintiff was a "person" within the meaning of NYCHRL § 8-102(1).

8. Plaintiff is a Jewish Man of Israeli descent and a former employee of Delta. At all times material hereto, Plaintiff was employed by Defendant Delta, as a Passenger Service Representative. In his capacity as a Passenger Service Representative, Abada worked at New York City's John F. Kennedy International Airport.

9. Delta is a corporation duly organized and existing under the laws of the State of Delaware, with headquarters in Atlanta, Georgia. Delta provides aerial transportation services to its customer and employs more than 80,000 employees worldwide.

10. Delta, along with its subsidiaries and regional affiliates, operates over 5,400 flights daily and serves an extensive domestic and international network that includes 304 destinations in 52 countries on six continents.

11. Delta is an employer as defined by NYCHRL § 8-107(5).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

12. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). A notice of a right to sue letter was issued on April 10th, 2019 and received on April 15, 2019. This action was properly commenced within ninety (90) days of Plaintiff's receipt of said notice.

## STATEMENT OF FACTS

13. Plaintiff was employed by Delta from August 2007 until November 17, 2017, when he was terminated from his employment.

14. Delta has engaged in a pattern of targeted enforcement actions, intentional discrimination and retaliation against Jewish, Hebrew and/or Israeli employees and other non- Jewish, Hebrew and/or Israeli gate agents, customer service agents and flight attendants who share their travel companion passes with individuals of Jewish, Hebrew and/or Israeli descent, solely on the basis of those Delta Employees Jewish, Hebrew and/or Israeli race or ancestry or their relationship with those of Jewish, Hebrew and/or Israeli race or ancestry.

15. Delta's travel companion program allowed Abada to add an individual as a Travel Companion.  As a Travel Companion that individual would be eligible to book discounted flight tickets on Delta flights.  To the best of Abadas knowledge, the Travel Companion could be basically any person he knew. For example, a relative, spouse, or a friend would be eligible for the program.  Booking of these flights were done through Travelnet, Delta's proprietary software.  Access to the Travelnet was done by Delta employees or the travel companion could call Delta's Employee Service Center and book flights through them.

16. When Jewish, Hebrew and/or Israeli or Non-Jewish, Hebrew and/or Israeli employees have shared this employee benefit with Jewish, Hebrew and/or Israeli persons, Delta has accused those employees of selling their Companion passes and engaged in targeted employee investigations and disciplinary actions against such employees, punishing them by suspension or termination.  In addition, Delta frequently targeted those employees who were assigned to work on Delta's flights from JFK to Tel Aviv, Israel.

17. In July 2017 Abada became subject to one of Delta's accusations and targeted investigations.  At that time, Abada was called into a meeting with Delta's Human Resources office for a meeting with an HR representative Angel Ramirez ("Ramirez") and Barbara, a representative from Delta's home office in Atlanta, Georgia.  Barbara asked if Abada was familiar with a certain Delta Flight Attendant named Song Young Sanchez ("Sanchez").

18. Abada acknowledged knowing Sanchez and explained that he introduced Sanchez to her eventual travel companion – Albert David – at Sanchez's request.

19. At the July 2017 meeting, Delta also inquired about Abada's travel companion Joseph Peleg-Billing ("Peleg-Billing").  Delta made numerous inquiries into Abada's relationship with Peleg-Billing, his home address and other personal questions about Peleg-Billing.

20. On August 11, 2017, a second meeting with Abada, Ramirez, June Reed ("Reed"), Mark Kamus ("Kamus") and an unidentified Delta representative from Atlanta asked more questions about Abada's travel companion.   Abada was asked questions about Peleg-Billing citizenship status, frequency of travel, and travel destinations.

21. Abada was also asked he ever booked flights for the travel companions of other Delta employees. This inquiry was made despite that fact that booking flights was within Abada's normal job capabilities and duties.

22. Upon information and belief, Abada's travel companion, Peleg-Billing, was of Jewish, Hebrew and/or Israeli descent. Peleg-Billing was married to a Jewish female of Jewish, Hebrew and/or Israeli descent named Tziporah Haya Spear ("Tzippi"). Tzippi was travel companion of another Delta employee Tara Greaves. Greaves was also targeted for her relationship to an individual of Jewish and/or Israeli descent and subsequently terminated by Delta after being targeted for investigation solely for having a travel companion of Jewish and/or Israeli descent.

23. At the conclusion of the August 11, 2017 meeting Abada was suspended from his position at Delta pending further investigation into his travel companion, Peleg-Billing. Abada was never provided any other information regarding the basis/justification for the investigation into his travel companion. Upon information and belief, Abada was targeted because he was Jewish and because his Travel Companion was Jewish and of Israeli descent.

24. After August 11, 2017 Abada remained suspended, however he was still subject to investigation by Delta regarding his Travel Companion, Peleg-Billing.

25. On October 24, 2017, Delta requested to have an additional meeting with Abada regarding his travel companion and frequent travelers between New York and Tel Aviv. Abada retained counsel to advise him on the investigation and requested that he accompany Abada to these investigative meetings. Delta, without explanation, refused to permit Abada's attorney to accompany him to the meetings.

26. Subsequently, on November 17, 2017 Abada was terminated from his employment with Delta. The alleged explanation for his termination was refusing to cooperate with an ongoing investigation. Upon information and belief, Abada was targeted, suspended and subsequently terminated because he was Jewish, Hebrew and Israeli, and his travel companion Peleg-Billing was of Jewish, Hebrew and/or Israeli descent.

## COUNT I
## 42 U.S.C. Sec. 1981

27. Plaintiff incorporates by reference and repeats and re-alleges each and every allegation as if more fully set forth herein.

28. Defendants have intentionally discriminated against Plaintiff in the terms, conditions, and privileges of his employment because of his race and ethnicity in that he was subjected to a hostile work environment and discharge.

29. The individual Defendants directly participated in, aided abetted, incited, compelled and coerced the aforementioned discriminatory treatment in violation of 42 U.S.C. 1981.

30. As a proximate result of Defendants discriminatory actions, Plaintiff suffered and continues to suffer substantial loss of earnings and other employment benefits.

31. As a proximate result of Defendants' discriminatory actions, Plaintiff suffered and continues to suffer severe and lasting emotional distress, embarrassment, humiliation and mental and physical anguish.

## COUNT II
## FOR DISCRIMINATION UNDER FEDERAL LAW

32. Plaintiff incorporates by reference and repeats and re-alleges each and every allegation as if more fully set forth herein.

33. Title VII of the Civil Rights Act of 1964 provides that

a. It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin, or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

34. As described above, Delta has subjected Plaintiff to discrimination and maintained a hostile work environment and subjected him to an atmosphere of adverse actions in violation of Title VII of the Civil Rights Act of 1964.

## COUNT III
## N.Y.C. Admin Code 8-107

35. Plaintiff incorporates by reference and repeats and re-alleges each and every allegation as if more fully set forth herein.

36. By the acts and practices described above, Defendants discriminated against Plaintiff in terms and conditions of his employment on the basis of his race, ethnicity and national origin in violation of the New York City Administrative Code.

37. As a proximate result of Defendants discriminatory actions, Plaintiff suffered and continues to suffer substantial loss of earnings and other employment benefits.

38. As a proximate result of Defendants' discriminatory actions, Plaintiff suffered and continued to suffer severe and lasting emotional distress, embarrassment, humiliation and mental and physical anguish.

39. Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights.

40. As a result of Delta's discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Delta, and Order the following relief:

a. Accept jurisdiction over this matter;

b. Order the Defendants to compensate Plaintiff for his past and future loss of wages and benefits, plus interest;

c. Enter judgment in favor of Plaintiff for such amount as may be awarded by a jury for compensatory damages for his physical and emotional suffering and loss of enjoyment of life;

d. Reinstate Plaintiff to the same position or a position comparable to his former position or, in lieu of reinstatement, award him front pay (including benefits);

e. Award Plaintiff all costs and reasonable attorneys' fee incurred in connection with this action; and

f. Grant such additional or alternative relief as may appear to this Court to be just and equitable.

Dated: New York, New York
July 5th, 2019

MASON LAW, PLLC.
By: **/s/ D. Christopher Mason**
D. Christopher Mason, Esq.
11 Broadway – Suite 615
New York, New York 10004
212-498-9691

                                                              Attorneys for Plaintiff