| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| AVRAHAM ABADA<br><br>        Plaintiff<br><br> -against-<br><br>DELTA AIRLINES, INC.<br><br>        Defendant | **AMENDED COMPLAINT**<br><br>Civ Action No.: 19-cv-03903-NGG-CLP<br><br>Jury Trial Demanded |

Plaintiff, AVRAHAM ABADA ("Plaintiff" or "Abada"), by and through his attorneys, MASON LAW, PLLC., brings this action against Defendants, DELTA AIR LINES, INC. ("Delta"), and respectfully alleges, as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, et seq., under the laws of the State and City of New York, and any other cause of action which can be inferred from the facts set forth herein.

2. Plaintiff seeks injunctive and declaratory relief, compensatory, punitive damages and other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

3. The Court has Jurisdiction over Federal Law claims 28 U.S.C. §1331 and supplemental jurisdiction over state law claims is granted by 28 U.S.C. §1367.

4. This action properly lies within the Eastern District of New York, pursuant to 28 U.S.C. § 1391 as the facts and transactions involved in the discrimination complained of herein occurred in large part in this judicial district at JFK International Airport, in Queens County, New York.

## NATURE OF THE ACTION

5. Delta Air Lines has engaged in a pattern of intentionally discriminating and retaliating against ethnically Jewish, Hebrew and/or Israeli employees based upon their race and ancestry, and of intentionally discriminating against non-Jewish employees who have associated with Jewish, Hebrew and/or Israeli flight attendants, travel companions or customers, or were perceived to be so associated.

6. Delta has engaged in a pattern of intentionally discriminating against employees of Jewish, Hebrew and/or Israeli ethnicity by altering, restricting, changing and denying to said employees the same terms and conditions of employment and passage as granted to non-Jewish, Hebrew and/or ethnic Israeli employees, including but not limited to the following:

    a. Delta has punished Plaintiffs for their religion, ethnicity or association with others and has either restricted their employment rights, terminated their employment or subjected them to harassment and abuse as part of the pattern of discrimination against those of Jewish, Hebrew or Israeli ethnicity and those who associate with them;

    b. Plaintiffs herein who are not identified as Jewish, Hebrew or Israeli, at all times relevant hereto, were associated with Jewish, Hebrew or Israeli travel companions and/or Jewish, Hebrew, or Israeli co-workers and customers on the New York to Tel Aviv Flight

7. Abada is a former a Passenger Service Representative for Delta Air Lines, Inc., one of the largest passenger air carriers in the world. Abada is of Jewish, Hebrew and Israeli descent.

8. Plaintiff, Abada, a former employee of Delta Air Lines brings this lawsuit against his previous employer, Delta, to remedy discrimination based upon his status as being Jewish, ethnic Israeli and/or Hebrew speaking. Delta subjected Plaintiff to race, religious and national origin discrimination and a hostile and discriminatory work environment in violation of federal law.

## PARTIES

9. The Plaintiff Abada is an adult individual and a resident and domiciliary of the County of Kings, State of New York.

10. At all times relevant to the Complaint, Plaintiff was a "person" within the meaning of NYCHRL § 8-102(1).

11. Plaintiff is a Jewish male of Israeli descent and a former employee of Delta. At all times material hereto, Plaintiff was employed by Defendant Delta, as a Passenger Service Representative. In his capacity as a Passenger Service Representative, Abada worked at New York City's John F. Kennedy International Airport.

12. Delta is a corporation duly organized and existing under the laws of the State of Delaware, with headquarters in Atlanta, Georgia. Delta provides aerial transportation services to its customer and employs more than 80,000 employees worldwide.

13. Delta, along with its subsidiaries and regional affiliates, operates over 5,400 flights daily and serves an extensive domestic and international network that includes 304 destinations in 52 countries on six continents.

14. Delta is an employer as defined by NYCHRL § 8-107(5).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15. All conditions precedent to maintaining this action have been fulfilled. A charge of discrimination was filed with the Equal Employment Opportunity Commission ("EEOC"). A notice of a right to sue letter was issued on April 10th, 2019 and received on April 15, 2019. This action was properly commenced within ninety (90) days of Plaintiff's receipt of said notice.

## STATEMENT OF FACTS

16. In a pattern of unlawful, deliberate and discriminatory acts, Delta has created a culture of anti-Semitism toward Jewish, ethnic Israeli and Hebrew speaking employees and passengers traveling on flights to Tel Aviv, Israel.

17. Upon information and belief, Delta's field service managers also directed discriminatory and prejudicial acts toward Jewish, Hebrew speaking and ethnic Israeli employees and would intimidate these flight attendants. For example, in a related litigation currently pending before this Honorable Court, Delta HR and managers at JFK allowed a blatantly anti-Semitic manager to harass a Jewish employee who worked on the Israel flight as a mechanic, despite complaints. Specifically, that manager:

    i. "[A]pproached the employee and asked, 'hi why you jewish guys killing kids in Gaza."
    ii. Stated: "Heil Hitler!" in a "loud voice" in the computer room.
    iii. Kept calling him "[J]ewish guy."
    iv. Spread bad words about him behind his back to other employees.

> > v. Subjected him to "harassment and discrimination in his work environment and against [D]elta airline policy upon illegal factors such as his race and religion…."
>
> b. Jewish passengers were routinely harassed and abused, and the Israel Flight had a derogatory nickname among Delta managers and employees: "Hell Aviv;"
>
> c. Upon information and belief, Delta employees working the Israel Flight would make fun of the Jewish and Israeli passengers, including making anti-Semitic remarks, in the presence of Jewish and Israeli employees. Delta managers ignored this activity.
>
> d. Israeli and Jewish employees working the Israel Flight were subjected to harassment by management including unwarranted criticism, counseling, and investigations targeting enforcement of policies that were applied only to Jewish and Israeli employees. This included termination and attempts to terminate Jewish and Israeli flight attendants on pretext and false allegations; and

18. Upon information and belief, Delta has encouraged and maintained an anti-Jewish, anti-Hebrew and anti-ethnic Israeli culture among management, who, through words and deeds, operate under an express assumption that ethnic Jews, Hebrew speakers and Israelis, as employees and passengers, cannot be trusted, are aggressive, entitled and pushy, and engage in what are deemed to be "strange" behaviors by praying on the flight and requiring special dietary accommodations (kosher meals).

19. Upon information and belief, Delta issues travel companion passes to employees as an employee benefit. The travel companion policy allows a flight attendant to give a travel companion pass to any family, friend and that person receives the right to travel with or

without the Flight Attendant on a flight of their travel companion's choosing. Delta requires that the employee must be "familiar" with their selected travel companion and that the travel companion is not traveling for business purposes. (Travel Companion Policy) This is a standard airline policy, and flight attendants regularly name friends as their travel companions. The naming of such individual to share said benefits reflects an association with such individual on the part of the employee.

20. Upon information and belief, Delta has engaged in discriminatory misconduct investigations of Jewish, Israeli and Hebrew speaking flight attendants with respect to the giving of their travel companion passes, solely on the basis of their Jewish and Israel ethnicity and ancestry, when sharing such travel passes is not in violation of Delta's rules, but is rather an employee benefit provided by Delta. Delta has engaged in racial, ethnic and anti-Semitic based investigations and disciplinary actions against such employees, targeting them for suspension or termination on false pretenses since only Jewish, Israeli and Hebrew speaking individuals are the target of said investigations.

21. Upon information and belief, Delta has engaged in discriminatory misconduct investigations of non-Jewish and Israeli flight attendants when they share their travel companion passes with Jewish, Israeli and Hebrew speaking individuals who fly on the Israel Flight, when sharing such travel passes is not in violation of Delta's rules, but is rather an employee benefit provided by Delta. Delta has engaged in racial, ethnic and anti-Semitic based investigations and disciplinary actions against such employees, targeting them for suspension or termination on false pretenses since only flight attendants that have Jewish, Israeli and Hebrew speaking travel companions are the target of said investigations.

22. Upon information and belief, certain Delta managers at JFK did not agree with Delta's decision to fly to Israel and employ Jews, Hebrew speakers and Israelis on these flights. Aforesaid managers did not want Jewish and Israeli employees sharing their travel companion benefits with other Jewish and Israeli individual. These managers were either anti-Semitic, against the establishment of the State of Israel, the Jewish State, wanted to interfere with the rights of Jewish and Israeli employees and customers, and those associated with Jewish and Israeli employees and customers, and/or were indoctrinated into Delta's anti-Semitic culture.

23. Upon information and belief, certain Delta managers were seeking to terminate Jewish and Israeli employees due to their own desires to harass such individuals based upon their race and ethnicity. This is exemplified by a "Talking Points" memorandum that was distributed among Delta managers in which it is explained that mangers were targeting persons with "interest in frequent travel to Tel Aviv," and stating that "certain individuals" (referring to Jews and Israelis) "who live in the New York and Atlanta area who appear to be connected in one or more ways...." Those one or more ways included interest in travel to Israel, and, of course, connection by ethnicity, race, language and religion. The Talking Points memorandum also stated that Delta management and Human Resources were investigating employees "having possible ties to this group of people [i.e., Jews and Israelis with interests in traveling to Israel]." This investigation resulted in the termination of many Jewish and Israeli employees without regard to whether any company policies were actually violated.

**FACTS RELEVANT TO PLAINTIFF AVRAHAM ABADA**

24. On August 11, 2017, Abada, who is of Jewish, Hebrew and Israeli ethnicity and a Delta employee for over 10 years, was suspended without pay for allegedly violating Delta's Travel Companion Pass Policy.

25. Subsequently, on November 17, 2017 Abada was terminated from his employment with Delta due to his alleged violation of Delta's Travel Companion Pass Policy.

26. Prior to Delta's discriminatory and anti-Semitic travel companion investigation, Abada was never disciplined or criticized for his job performance.

27. Delta alleged that Abada was terminated for refusing to cooperate with an ongoing investigation into abuse of travel companion program and losing control of his companion pass.

28. To Abada's knowledge and belief, he cooperated with the investigation and his travel companion never misused the travel companion benefit or used it for business purposes while on this travel companion pass.

29. The disciplinary action taken by Delta has no basis as there is no violation of the Travel Companion Pass Policy.

30. These actions by Delta are discriminatory as they were not tailored to address violations of the Travel Companion Pass Policy but rather focused more broadly to target Jewish and Israeli individuals.

31. Abada is personally aware that Delta has wrongfully and falsely accused and investigated Jewish and Israeli employees and customers of violating the Travel Companion Policy.

32. Abada observed that Delta's actions were focused on employees and Jewish passengers, including Hebrew speakers traveling on the Israel Flight and no others.

33. Abada is personally aware that Delta, through its investigation of Jewish and Israeli employees and customers, pretextually terminated and disciplined a number of employees for providing travel companion benefits to persons of Israeli and Jewish ethnicity.

34. Abada is personally aware that Delta, without any prior notification or warning, disciplined, suspended and terminated numerous Delta employees who were either themselves Jewish or ethnic Israelis or shared their travel passes with Jewish or ethnic Israeli individuals.

35. During his meeting with Delta management concerning his Travel Companion investigation, Abada was told not to discuss the meeting or investigation with anyone. Abada recognized that Delta was trying to threaten and intimidate him by demanding he not speak with anyone regarding the investigation.

36. Such demand by Delta was wrongful and in violation of federal policy and law in that Delta was trying to keep Abada from gathering evidence in his own defense.

37. Federal labor law forbids an employer from silencing employees in such a way as to the terms and conditions of their employment.

38. Upon information and belief, any employer violates federal policy and law forbidding such unfair practice when it maintains a work rule that chills employees from the free exercise of their union rights and/or rights to organize. Abada believed the exercise of his rights were chilled in this respect by Delta even though he had a statutory labor right under federal law to be free from discrimination in employment.

39. The suspension and termination of Abada was an act of discrimination, with no valid business purpose or justification.

40. Upon information and belief, any accusation that Abada violated Delta policy or refused to cooperate with the investigation was known by Delta to be false and was used as a pretext to suspend and harass Abada because he is Jewish, Israeli and Hebrew speaking and had a Jewish, Israeli and Hebrew speaking travel companion.

**COUNT I**
**42 U.S.C. Sec. 1981**

41. Plaintiff incorporates by reference and repeats and re-alleges each and every allegation as if more fully set forth herein.

42. Defendants have intentionally discriminated against Plaintiff in the terms, conditions, and privileges of his employment because of his race and ethnicity in that he was subjected to a hostile work environment and discharge.

43. The individual Defendants directly participated in, aided abetted, incited, compelled and coerced the aforementioned discriminatory treatment in violation of 42 U.S.C. 1981.

44. As a proximate result of Defendants discriminatory actions, Plaintiff suffered and continues to suffer substantial loss of earnings and other employment benefits.

45. As a proximate result of Defendants' discriminatory actions, Plaintiff suffered and continues to suffer severe and lasting emotional distress, embarrassment, humiliation and mental and physical anguish.

**COUNT II**
**FOR DISCRIMINATION UNDER TITLE VII**

46. Plaintiff incorporates by reference and repeats and re-alleges each and every allegation as if more fully set forth herein.

47. Title VII of the Civil Rights Act of 1964 provides that

a. It shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin, or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

48. As described above, Delta has subjected Plaintiff to discrimination and maintained a hostile work environment and subjected him to an atmosphere of adverse actions in violation of Title VII of the Civil Rights Act of 1964.

## COUNT III
## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW (NYHRL)

49. Plaintiff incorporates by reference and repeats and re-alleges each and every allegation as if more fully set forth herein.

50. By the acts and practices described above, Defendants discriminated against Plaintiff in terms and conditions of his employment in violation of the New York State Human Right Law.

51. As a proximate result of Defendants discriminatory actions, Plaintiff suffered and continues to suffer substantial loss of earnings and other employment benefits.

52. As a proximate result of Defendants' discriminatory actions, Plaintiff suffered and continued to suffer severe and lasting emotional distress, embarrassment, humiliation and mental and physical anguish.

53. Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights.

54. As a result of Delta's discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

## COUNT IV
## N.Y.C. Admin Code 8-107

55. Plaintiff incorporates by reference and repeats and re-alleges each and every allegation as if more fully set forth herein.

56. By the acts and practices described above, Defendants discriminated against Plaintiff in terms and conditions of his employment in violation of the New York City Administrative Code.

57. As a proximate result of Defendants discriminatory actions, Plaintiff suffered and continues to suffer substantial loss of earnings and other employment benefits.

58. As a proximate result of Defendants' discriminatory actions, Plaintiff suffered and continued to suffer severe and lasting emotional distress, embarrassment, humiliation and mental and physical anguish.

59. Defendants acted with malice and/or reckless indifference to Plaintiff's protected rights.

60. As a result of Delta's discriminatory acts, Plaintiff has suffered and shall continue to suffer monetary damages and damages for mental suffering and humiliation unless and until the Court grants relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Honorable Court enter judgment in favor of Plaintiff and against Delta, and Order the following relief:

a. Accept jurisdiction over this matter;

b. Order the Defendants to compensate Plaintiff for his past and future loss of wages and benefits, plus interest;

c. Enter judgment in favor of Plaintiff for such amount as may be awarded by a jury for compensatory damages for his physical and emotional suffering and loss of enjoyment of life;

d. Reinstate Plaintiff to the same position or a position comparable to his former position or, in lieu of reinstatement, award him front pay (including benefits);

e. Award Plaintiff all costs and reasonable attorneys' fee incurred in connection with this action; and

f. Grant such additional or alternative relief as may appear to this Court to be just and equitable.

Dated: New York, New York
February 14th, 2020

MASON LAW, PLLC.
By: */s/ D. Christopher Mason*
D. Christopher Mason, Esq.
11 Broadway – Suite 615
New York, New York 10004
212-498-9691
Attorneys for Plaintiff