LAW OFFICE OF
**LOCKSLEY O. WADE, LLC**

Telephone: (212) 933-9180
Facsimile: (212) 933-9181
E-mail: wade@wadefirm.com
http://wadefirm.com

Locksley O. Wade, Esq.
11 Broadway
Suite 615
New York, NY 10004

March 19, 2020

*Via ECF/CM*

Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   Abada v. Delta Air Lines Inc.
            Case No. 19-CV-03903-KAM-VMS
            Greaves v. Delta Air Lines Inc.
            Case No. 19-CV-03904-KAM-VMS
            Eugene Rodrigues v. Delta Air Lines, Inc.
            Case No. 19-CV-03962-KAM-VMS

Dear Judge Matsumoto:

       The plaintiffs in the above referenced case file the following response to the defendant's pre-motion letter that is premised on a motion to dismiss pursuant to Rule 12 (b)(6) of the Federal Rules of Civil Procedure. The plaintiffs' position on the defendant's contemplated motion is that it is likely to fall outside of the contours of a Rule 12 (b)(6) motion. Briefly, a motion to dismiss "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence [to prove a claim]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

       In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint," *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998). This standard, however, has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-52 (2d Cir. 2002).

       In this case, each of the plaintiffs' allege that the defendant unlawfully discriminated against them in the terms and conditions of their employment, and as such, it gives rise to claims under 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e,et seq., under the New York State Human Rights Law and the New York

City Human Rights Law. *See generally*, the Amended Complaints.

Although the pleadings have not been joined and the defendant is pursuing a pre-answer motion to dismiss, they are claiming that the "[ ] the *indisputable evidence* will demonstrate that Plaintiffs were all found to have abused the travel program." *See* Pre-motion Letter. Pg. 2 (emphasis added). Simply stated, the four-corners of the operative complaints do not reference any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. *See e.g. Chambers*, 282 F.3d at 152-52. Therefore, it appears that the defendant is contemplating the filing of a motion that relies on evidence that is out-side of the pleadings. As such, the motion should be brought in another form that is not limited by the contours of Rule 12 (b)(6).

Next, the defendant's proposed motion is premised on their misguided belief that the laws under which theses claims are brought requires that the plaintiffs must precisely allege their racial, ethnic or national origin and each must stand alone without any claim of association. *See* Pre-motion Letter, pg. 3. There, to support their theory for dismissal, the defendant writes "Abada is Jewish and apparently Israeli but the undisputed fact that all three Plaintiffs are of different races, religions, and national origins, demonstrates the implausibility of his limp assertion that his religion, national origin, or race may have played a role in Delta's employment decision to terminate his employment."  In addition, in note 4 of the pre-motion letter, the defendant writes: "[i]n their original pleadings, Greaves identified as being of "West Indian descent" (Dkt. No. 1, ¶ 8) while Rodrigues identified as being from "Brazil" (Dkt. No. 1, ¶ 20). Neither Greaves nor Rodrigues identifies as being Jewish, Hebrew or Israeli."

On the other hand, the operative complaints, in relevant part, reads, "Delta Air Lines has engaged in a pattern of intentionally discriminating and retaliating against ethnically Jewish, Hebrew and/or Israeli employees based upon their race and ancestry, and of intentionally discriminating against non-Jewish employees who have associated with Jewish, Hebrew and/or Israeli flight attendants, travel companions or customers, or were perceived to be so associated." *See* Amended Complaint, ¶¶ 5 and 6.

Section 1981 and the New York State Human Rights Law claims based on alleged employment discrimination are generally evaluated in the same manner as a Title VII claim. *See Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). Such claims under the New York City Human Rights Law require separate analysis. *See Mihalik v. Credit Agricole Cheuvreux N. America Inc.*, 715 F.3d 102, 109 (2d Cir. 2013). The defendant, however, has not made such a distinction in their pre-motion letter.

March 19, 2020
Honorable Kiyo A. Matsumoto
Re: Case No. 19-CV-03903-KAM-VMS
   Case No. 19-CV-03904-KAM-VMS
   Case No. 19-CV-03962-KAM-VMS

      As to the plaintiffs' claims under §1981, the code provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . . ." 42 U.S.C. § 1981(a). "To make and enforce contracts" includes the "making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." *CBOCS West, Inc. v. Humphries*, 553 U.S. 442, 450 (citing 42 U.S.C. § 1981(a)). It is commonly known that a person of West Indian decent has a high probability of tracing thier ancestry to the formerly enslaved black people brought to the shore of the Americas. The defendant recognizes that there is a likely a person of black ancestry that is a plaintiff in this case. Therefore, he is within the class of persons protected by §1981. In addition, *CBOCS West, Inc.* (the case against Cracker Barrell Restaurant) §1981 and its supporting case law have long held that a white person associated with a black person has standing to raise a §1981 for unlawful discrimination. As stated above, the operative complaint makes such an allegation. Therefore, the defendant's basis for raising this defensive claim in a pre-answer motion -should they choose to file such a motion- would be denied as it would be without merit.

      Second, there is a persuasive weight of authority in other circuit and district courts that have held that claims of discrimination based on a mistaken "perception" are cognizable even under Title VII. *See, e.g., Jones v. UPS Ground Freight*, 683 F.3d 1283, 1299 (11th Cir. 2012) ("[A] harasser's use of epithets associated with a different ethnic or racial minority than the plaintiff will not necessarily shield an employer from liability for a hostile work environment"); *EEOC v. WC&M Enterprises, Inc.*, 496 F.3d 393, 401 (5th Cir. 2007) ("[A] party is able to establish a discrimination claim based on its own national origin even though the discriminatory acts do not identify the victim's actual country or origin."); *Fogelman v. Mercy Hosp. Inc.*, 283 F.3d 561, 565 (3d Cir. 2002) (where employer refuses to hire applicant perceived to be Muslim, "employer is still discriminating on the basis of religion even if the applicant . . . is not in fact Muslim. What *Boutros v. Avis Rent a Car Sys.,* No. 10 CV 8196, 2013 WL 3834405, at *7 (N.D. Ill. Jul. 24, 2013) ("Avis cannot seriously contend that it was free to discriminate against Boutros on the basis is relevant is that the applicant, whether Muslim or not, was treated worse than he otherwise would have been for reasons prohibited by [Title VII]."); of his perceived race — Arab — because it was unaware that he was actually ethnically Assyrian."); *Wright v. Yacavone*, No. 12 CV 27, 2012 WL 5387986, *20 (D. Vt. Nov. 2, 2012) (permitting discrimination claim based on misperceived ethnicity to survive pleading stage).

      Lastly, the prima facie case for showing discrimination is an evidentiary standard, not a pleading requirement; at the pleading stage, "a complaint must include only a short

March 19, 2020
Honorable Kiyo A. Matsumoto
Re: Case No. 19-CV-03903-KAM-VMS
    Case No. 19-CV-03904-KAM-VMS
    Case No. 19-CV-03962-KAM-VMS

and plain statement of the claim showing that the pleader is entitled to relief." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Therefore, it is the plaintiffs' strong position that the defendant's contemplated motion under Rule 12 (b)(6) is likely one without merit that will be denied.

                    Respectfully submitted,

                    /s/ *Locksley O. Wade*
                    Locksley O. Wade, Esq.

c.c.   Via ECF/CM
      Ira G. Rosenstein, Esq.
      Morgan, Lewis & Bockius LLP
      New York, NY
      *Attorneys for Defendant*