**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **AVRAHAM ABADA,**<br>**TARA GREAVES,**<br>**EUGENE RODRIGUES,**<br><br>Plaintiffs,<br><br>-against-<br><br>**DELTA AIR LINES, INC.,**<br><br>Defendant. | **Case Action Nos.**<br>**19-cv-03903-KAM-VMS**<br>**19-cv-03904-KAM-VMS**<br>**19-cv-03962-KAM-VMS**<br><br>*Oral Argument Requested* |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DELTA AIR LINE, INC.'S MOTION TO DISMISS THE AMENDED COMPLAINTS

Dated: May 8, 2020

**MORGAN, LEWIS & BOCKIUS LLP**

Ira G. Rosenstein
John P. Guyette
Liliya P. Kramer
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
ira.rosenstein@morganlewis.com
john.guyette@morganlewis.com
liliya.kramer@morganlewis.com

*Attorneys for Defendant Delta Air Lines, Inc.*

# TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................ 1

II.   STATEMENT OF RELEVANT FACTS .......................................................... 2

    A.    Plaintiffs Abada, Greaves, and Rodrigues. ........................................... 2

    B.    Relevant Procedural History .................................................................. 4

III.  ARGUMENT ...................................................................................................... 4

    A.    STANDARD. ........................................................................................... 4

    B.    PLAINTIFFS FAIL TO STATE A CLAIM OF DISCRIMINATION
           BASED ON RACE, NATIONAL ORIGIN, ETHNICITY, OR
           RELIGION. .............................................................................................. 6

          1.    Plaintiffs' Conclusory Allegations are Insufficient to Support an
              Inference of Discrimination. .................................................... 6

          2.    Plaintiffs Fail to Support a Plausible Inference that Any Adverse
              Actions Were Taken On the Basis of Their Race, National Origin,
              Ethnicity, or Religion. .............................................................. 9

    C.    PLAINTIFFS' FAIL TO STATE A HOSTILE WORK ENVIRONMENT
           CLAIM. ................................................................................................... 12

          1.    Plaintiffs Fail to Provide Any Connection Between Any Purported
              Comments and Their Protected Classes or Associations. ......... 12

          2.    The Alleged Comments are Insufficient to Allege a Hostile  Work
              Environment. ............................................................................. 13

    D.    DISCOVERY SHOULD BE STAYED PENDING THIS MOTION. ................ 16

IV.   CONCLUSION .................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alfano v. Costello,*
　294 F.3d 365 (2d Cir. 2002)..................................................................13

*Arista Records, LLC v. Doe 3,*
　604 F.3d 110 (2d Cir. 2010)....................................................................5

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,*
　493 F.3d 87 (2d Cir. 2007)......................................................................5

*Bell Atl. Corp. v. Twombly,*
　550 U.S. 544 (2007)................................................................................5

*Bostick v. Suffolk Cnty,*
　191 F. Supp. 2d 665 (E.D.N.Y. 2002) ...................................................14

*Brown v. City of Syracuse,*
　673 F.3d 141 (2d Cir. 2012)....................................................................6

*Chesney v. Valley Stream Union Free Sch. Dist. No. 24,*
　236 F.R.D. 113 (E.D.N.Y. 2006) ...........................................................16

*Comcast Corp. v. Nat'l Assn. of African Am.-Owned Media, et al.,*
　140 S. Ct. 1009 (2020)............................................................................6

*De La Pena v. Metro Life. Ins. Co.,*
　953 F. Supp. 2d 393 (E.D.N.Y 2013) ........................................... *passim*

*Fukelman, et al. v. Delta Airlines, Inc.,*
　18-CV-002 (PKC)(PK) .................................................................. *passim*

*Holcomb v. Iona Coll.,*
　521 F.3d 130 (2d Cir. 2008)....................................................................9

*Jackson v. City of New York,*
　29 F. Supp. 3d 161, 170 ................................................................6, 9, 10

*LaSalle v. City of New York,*
　No. 13-5109, 2015 WL 1442376 (S.D.N.Y. Mar. 30, 2015)..................13

*Littlejohn v. City of New York,*
　795 F.3d 297 (2d Cir. 2015)................................................................5, 6

*McDonnell Douglas Corp. v. Green*,
  411 U.S. 792 (1973)..................................................................................5

*Neitzke v. Williams*,
  490 U.S. 319 (1989)..................................................................................4

*Plahutnik v. Daikin Am., Inc.*,
  912 F. Supp. 2d 96 (S.D.N.Y. 2012)...............................................13, 15

*Prince v. Madison Square Garden*,
  427 F. Supp. 2d 372 (S.D.N.Y. 2006).............................................5, 7

*Salas v. New York City Dep't of Investigation*,
  298 F. Supp. 3d 676, 684 (S.D.N.Y. 2018)..........................................14

*Thomas v. New York City Dep't. of Educ.*,
  No. 09-5167 (SLT), 2010 WL 3709923 (E.D.N.Y. Sept. 14, 2010) .................................15, 16

*Tolbert v. Smith*,
  790 F.3d 427 (2d Cir. 2015)....................................................................11

*Williams v. City of New York*,
  No. 11-3456, 2012 WL 2524726 (S.D.N.Y. June 26, 2012) ...................15

*Williams v. Cnty. of Westchester*,
  171 F.3d 98 (2d Cir. 1999)......................................................................13

*Williams v. New York City Hous. Auth.*,
  872 N.Y.S.2d 27 (N.Y. App. Div. 2009) ...............................................11

*Williams v. Victoria's Secret*,
  No. 15-4715, 2017 WL 1162908 (S.D.N.Y. Mar. 28, 2017)....................6

**Statutes**

42 U.S.C. § 1981......................................................................................6

Civil Rights Act of 1964 Title VII, 42 U.S.C. §§ 2000e, *et seq.* ...........6, 12, 13

National Labor Relations Act ..................................................................10

New York City Human Rights Law..........................................................6

New York State Human Rights Law .........................................................6

Railway Labor Act, 45 U.S.C. § 181 ......................................................10

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)................................................................................................1, 4

New York City Administrative Code §§ 8-101 *et seq.*................................................................6

# I.   __INTRODUCTION__

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Delta Air Lines, Inc. ("Defendant" or "Delta") hereby moves this Court for an Order dismissing Plaintiffs' Amended Complaints[1] ("Am. Compl.") (*Abada*, Dkt. No. 19, *Greaves*, Dkt. No. 12, and *Rodrigues*, Dkt. No. 12) with prejudice.  For the reasons set forth below, these claims should be dismissed.

Plaintiffs bring claims that are nearly identical to another case in this District, *Fukelman, et al. v. Delta Airlines, Inc.*, 18-CV-002 (PKC)(PK), where Magistrate Judge Kuo recently recommended dismissal of 10 plaintiffs' threadbare and conclusory claims in their entirety.  The same result in *Fukelman* should apply here.  As discussed herein, the *Fukelman* Plaintiffs' claims were based on the same underlying events stemming from Delta's investigation into the travel pass scheme, and the ultimate termination of Delta employees who were improperly using their travel passes, in violation of Delta policy.

The Plaintiffs in the instant matter, Abada, Greaves, and Rodrigues, rip, verbatim some of the boilerplate allegations from *Fukelman*.  Plaintiffs, who were terminated after an investigation revealed that they had abused Delta's travel pass policies, assert a variety of internally inconsistent, conclusory, and baseless claims against Delta.  Plaintiff Abada alleges that he was terminated because he is "of Jewish, Hebrew and Israeli descent."  Plaintiffs Greaves and Rodrigues, who are not Jewish, Hebrew or Israeli, claim they were discriminated against based on their association with "ethnic Jewish, Israeli and Hebrew individuals."  Plaintiffs also allege in conclusory fashion

---

[1] All three cases, though filed separately, have been marked as related.  *See Avraham Abada v. Delta Air Lines, Inc.*, Case No. 19-cv-03903-KAM-VMS ("*Abada*") (*Abada* Order, dated October 29, 2019); *Tara Greaves v. Delta Air Lines, Inc.,* Case No. 19-cv-03904-KAM-VMS ("*Greaves*") (*Greaves* Order, dated October 29, 2019); *Eugene Rodrigues v. Delta Air Lines, Inc.*, Case No. 19-cv-03962-KAM-VMS ("*Rodrigues*") (*Rodrigues* Order, dated October 29, 2019).  Because Plaintiffs' claims are related and their Amended Complaints are nearly identical (Compare *Abada*, Dkt. No. 19, with *Greaves*, Dkt. No. 12, and *Rodrigues*, Dkt. No. 12), they are all addressed herein in one motion as agreed to by the parties.

that they were subjected to a hostile work environment.  However, as with their other threadbare claims, Plaintiffs fail to provide any specific names, dates, or events; and, as a result, no individual Plaintiff alleges **facts** which would indicate an inference of discrimination or retaliation with respect to any disciplinary action taken against them.  Nor do the stray, unsubstantiated, hearsay comments alleged by Plaintiffs give rise to a hostile work environment claim.

Magistrate Judge Kou recommended dismissal of Plaintiffs' claims based on nearly identical allegations and arguments, with prejudice, in *Fukelman*.  The same result should apply here.  All of Plaintiffs' Amended Complaints are conclusory and must be dismissed.  Plaintiffs have already amended their Complaints once.  As they represented to the Court at the pre-motion conference held on April 2, 2020, Plaintiffs have no additional facts to plead.  Accordingly, Defendant's motion to dismiss should be granted.

## II.    STATEMENT OF RELEVANT FACTS[2]

### A.  Plaintiffs Abada, Greaves, and Rodrigues.

In their Amended Complaints, Plaintiffs, all former Delta employees, reassert nearly identical claims arising from Delta's decision to terminate their employment after an internal investigation revealed they violated Delta's travel pass policies.

Plaintiff Abada is a former Passenger Service Representative for Delta, *Abada* Am. Compl. ¶ 7, who was assigned to work at John F. Kennedy International Airport.  *Abada* Am. Compl. ¶ 11.  Abada self-identifies as being "of Jewish, Hebrew and Israeli descent."  *Abada* Am. Compl. ¶ 7.  Abada alleges that on August 11, 2017, he was suspended without pay from his position at Delta for violating the Delta Travel Companion Pass Policy.  *Abada* Am. Compl. ¶ 24.  An investigation ensued, and Abada alleges that "to [his] knowledge and belief, he cooperated with

_____

[2] The following factual allegations are taken from Plaintiffs' Amended Complaints, and are assumed to be true only for purposes of this Motion.

the investigation and his travel companion never misused the travel companion benefit or used it for business purposes." *Abada* Am. Compl. ¶ 28. Abada claims that Delta's actions "are discriminatory as they were not tailored to address violations of the Travel Companion Pass Policy but rather focused more broadly to target Jewish and Israeli individuals." *Abada* Am. Compl. ¶ 30. After Delta's investigation into his alleged violation of the policy, Abada was terminated on November 17, 2017. *Abada* Am. Compl. ¶ 25.

Plaintiffs Greaves and Rodrigues[3] do not identify as being Jewish, Hebrew, or Israeli. Rather, they allege identical claims of discrimination based on their "association" with Jewish, Hebrew, or Israeli individuals. Plaintiff Greaves alleges that she is a "58-year-old female of West Indian descent." *Greaves* Am. Compl. ¶ 11. Greaves alleges that she worked as a Gate Agent for Delta at John F. Kennedy airport. *Greaves* Am. Compl. ¶ 11. On or about September 26, 2017, Greaves was suspended from her employment for violating the Delta travel companion pass policy. *Greaves* Am. Compl. ¶ 24. When Greaves was investigated by Delta for violations of the travel pass policy and questioned, Greaves alleges that although she "knew her companion for over 10 years," she was "unable to recall every single minute detail of her Companions personal life." *Greaves* Am. Compl. ¶ 30. Greaves further alleges that because of Delta's "aggressive" questioning, "she began to have increased difficulty recalling information responsive to Delta's questioning." *Greaves* Am. Compl. ¶ 24. On or about October 13, 2017, Greaves was terminated from employment at Delta. *Greaves* Am. Compl. ¶ 25.

---

[3] Plaintiff Rodrigues appears to have filed the same Amended Complaint as Plaintiff Greaves in error. *See Rodrigues* Am. Compl., Dkt. No. 12 (referring to Plaintiff "Tara Greaves" in the caption and throughout). Based on the first filed Complaint (before amendment), Defendants assume that Plaintiff Rodrigues' self-identification as to his national origin "Brazil") has not changed. *Rodrigues* Compl., Dkt. No. 1, ¶ 20.

All three Plaintiffs acknowledge that they were suspended and ultimately terminated for violating Delta's travel companion pass policy. *Abada* Am. Compl. ¶¶ 24-25; *Greaves* Am. Compl. ¶¶ 24-25; *Rodrigues* Am. Compl. ¶¶ 24-25, Compl. ¶¶ 22-24.

### B. Relevant Procedural History

Plaintiffs' Complaints were filed on July 6, 2019 (*Greaves* Compl., Dkt. No. 1, *Abada* Compl., Dkt. No. 1) and July 9, 2019 (*Rodrigues* Compl., Dkt. No. 1). On October 29, 2019, all three cases were marked as related. On December 9, 2019, Delta filed a pre-motion letter setting forth its intent to seek dismissal of the Complaints. *Abada* Pre-Motion Letter, Dkt. No. 17. On December 10, 2019, Magistrate Judge Scanlon held an initial conference. Plaintiffs' counsel requested, and was granted, leave to amend the pleadings. On February 14, 2020, Plaintiffs filed their Amended Complaints. *See Abada* Am. Compl., Dkt. No. 19; *Greaves* Am. Compl., Dkt No. 12, *Rodrigues* Am. Compl, Dkt No. 12. On March 16, 2020, Delta filed a second request for a pre-motion conference on each case. *See Abada* Pre-Motion Letter, Dkt. No. 20; *Greaves* Pre-Motion Letter, Dkt No. 13; *Rodrigues* Pre-Motion Letter, Dkt No. 13. A pre-motion conference was held on April 2, 2020. During the conference, Plaintiffs' counsel confirmed that they had no additional facts to plead and thus would not seek additional leave to amend their pleadings. *See* Minute Entry dated April 2, 2020. Delta now moves to dismiss the three Amended Complaints in their entirety, with prejudice, for the reasons set forth below.

### III. <u>ARGUMENT</u>

### A. STANDARD.

The purpose of Rule 12(b)(6) of the Federal Rules of Civil Procedure is to "streamline litigation by dispensing with needless discovery and fact-finding" and eliminating baseless claims. *Neitzke v. Williams*, 490 U.S. 319, 319 (1989). Thus, where "the allegations in a complaint,

however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (internal citation omitted).

Dismissal is warranted when a plaintiff does not provide factual, plausible allegations sufficient to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555; *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). The applicability of *Iqbal* and *Twombly* to claims brought under anti-discrimination statutes has been addressed most recently by the United States Court of Appeals for the Second Circuit in *Littlejohn v. City of New York*, 795 F.3d 297 (2d Cir. 2015). In *Littlejohn,* the Court specifically held that the "plausibility" standards described in *Iqbal* do indeed apply in the context of a discrimination claim, and are considered in conjunction with the well-established burden shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973) and its progeny. Thus, under *Littlejohn*, in determining whether a plaintiff has met their pleading standard, courts in this Circuit must look to whether sufficient facts have been plead to make out a *prima facie* case of discrimination. *Littlejohn,* 795 F.3d at 310-11.

Facts alleged "upon information and belief" cannot be the sole basis of support for plaintiffs' causes of action. Though a plaintiff may allege facts upon information and belief "where the belief is based on factual information that makes the inference of culpability plausible," (*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)), such allegations must be "accompanied by a statement of the facts upon which the belief is founded." *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 385 (S.D.N.Y. 2006) (citation omitted).

## B.     PLAINTIFFS FAIL TO STATE A CLAIM OF DISCRIMINATION BASED ON RACE, NATIONAL ORIGIN, ETHNICITY, OR RELIGION.

### 1.     Plaintiffs' Conclusory Allegations are Insufficient to Support an Inference of Discrimination.

All three cases here allege discrimination (Abada) or discrimination based on association (Greaves and Rodrigues) based on race, religion, and national origin under § 1981, Title VII, the NYSHRL, and the NYCHRL.[4] *See Abada*, *Greaves*, *and Rodrigues* Am. Compl. ¶¶ 1-23. Claims under Title VII and the NYSHRL are analyzed under the same standards. *Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). Additionally, claims under § 1981 must be supported by evidence of intentional discrimination." *Jackson v. City of New York*, 29 F. Supp. 3d 161, 170 n.10 (E.D.N.Y. 2014). In addition, to prevail on a § 1981 claim, "a plaintiff must **initially plead** and ultimately prove that, **but for race**, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Assn. of African Am.-Owned Media, et al.*, 140 S. Ct. 1009, 1019 (2020) (emphasis added).

In order to state a legally cognizable claim, each Plaintiff must adequately plead, at a minimum, (1) membership in a protected class, (2) that they experienced an adverse employment action; and (3) facts which give rise to an inference of discrimination. *Littlejohn*, 795 F.3d 297. Similarly, the NYCHRL requires that the Plaintiffs plead **facts** giving rise to an inference of discrimination. *Williams v. Victoria's Secret*, No. 15-4715, 2017 WL 1162908 (S.D.N.Y. Mar. 28, 2017) (dismissing plaintiff's Title VII, NYSHRL, and NYCHRL claims for failure to raise a plausible inference of discrimination); *Fukelman, et al. v. Delta Airlines, Inc.*, 18-CV-002 (PKC)(PK), ECF Dkt. No. 63, at 26 ("The non-Jewish, non-Israeli, non-Hebrew-speaking

---

[4] In this memorandum of law "§ 1981" refers to 42 U.S.C. § 1981; "Title VII" to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*; "NYSHRL" to the New York State Human Rights Law, New York Executive Law §§ 290, *et seq.*; and "NYCHRL" to the New York City Human Rights Law, New York City Administrative Code §§ 8-101 *et seq.*

Plaintiffs allege broadly that they witnessed 'harassment' of Jewish, Israeli, or Hebrew-speaking co-workers, but they provide no details about who did the harassing, what constituted such harassment, and the time-frame and context in which such incidents occurred, which link them to the adverse employment actions against these Plaintiffs.").  As described below, even accepting Plaintiffs' allegations as true, each Plaintiff fails to allege the facts required to raise an inference of discrimination.  Accordingly, their claims should be dismissed.

Plaintiff Abada identifies as being "of Jewish, Hebrew and Israeli descent." *Abada* Am. Compl. ¶ 7.  Plaintiff Greaves identifies as West Indian, *Greaves* Am. Compl. ¶ 11, and Plaintiff Rodrigues identifies his national origin as "Brazil." *Rodrigues* Compl., Dkt. No. 1, ¶ 20.[5]

All three Plaintiffs, whether claiming discrimination based on his or her own protected characteristic or discrimination based on an association with "Jewish, Hebrew, and Israeli" individuals, support their claims through a variety of "upon information and belief" claims, which are conclusory and contain no factual information upon which such a belief was stated.  *Prince*, 427 F. Supp. 2d at 385 (citation omitted).

These "upon information and belief" allegations are the backbone of the Plaintiffs' Amended Complaints and cannot be used to support an inference of discrimination.  For example, the following allegations are all based on Plaintiffs' subjective and speculative "beliefs":

- "Delta has encouraged and maintained an anti-Jewish, anti Hebrew and anti-ethnic Israeli culture among management… who operate under an express assumption that ethnic Jews, Hebrew speakers and Israelis, as employees and passengers, cannot be trusted, are aggressive, entitled and pushy, and engage in what are deemed to be "strange" behaviors by praying on the flight and requiring special dietary accommodations (kosher meals)." *Greaves* Am. Compl. ¶ 18[6];

---

[5] As noted above, Plaintiff Rodrigues incorrectly filed the same Amended Complaint as Plaintiff Greaves.  As such, Plaintiff Rodrigues' national origin is cited from the original complaint.  *Rodrigues* Compl., Dkt. No. 1, ¶ 20.
[6] "Hebrew speakers" is not itself indicative of a particular ethnicity.  However, Defendant will assume for the purpose of this motion that this claim is meant to refer to individuals who are Jewish, or of Israeli ethnicity.

- "Delta has engaged in discriminatory misconduct investigations of Jewish, Israeli and Hebrew speaking flight attendants with respect to the giving of their travel companion passes, solely on the basis of their Jewish and Israel ethnicity and ancestry…" *Greaves* Am. Compl. ¶ 20;

- "[C]ertain Delta managers at JFK did not agree with Delta's decision to fly to Israel and employ Jews, Hebrew speakers and Israelis on these flights…" Plaintiff further allege that "[t]hese managers were either anti-Semitic, against the establishment of the State of Israel, the Jewish State, wanted to interfere with the rights of Jewish and Israeli employees and customers, and those associated with Jewish and Israeli employees and customers, and/or were indoctrinated into Delta's anti-Semitic culture." *Greaves* Am. Compl. ¶ 22;

- Delta distributed a Talking Points memo in regard to investigating travel policy misuse, and stating that "mangers were targeting persons with 'interest in frequent travel to Tel Aviv,'" which Plaintiffs assume referred to people who are "Jews and Israelis." *Greaves* Am. Compl. ¶ 23;

- "Greaves, was swept up in Delta's fraudulent travel companion pass investigation because she gave her pass to a Jewish friend." *Greaves* Am. Compl. ¶ 27.

Plaintiffs repeat verbatim some of the allegations from *Fukelman, et al. v. Delta Airlines Inc.*, which was recommended for dismissal on April 13, 2020, for failure to state a claim. *Fukelman, et al. v. Delta Airlines, Inc.*, 18-CV-002 (PKC)(PK), ECF Dkt. No. 63, at 21 ("Omitting the conclusory inserted characterizations of this group of people as '(referring to Jews and Israelis)' and '[i.e., Jews and Israelis with interests in traveling to Israel]' the quoted portions of this memo do not support the allegation that employees who were members of the protected class were 'targeted' for investigation and discipline.").

Plaintiffs also assert in conclusory terms that the decision to terminate them for violation of Delta policy was a "pretext" to "suspend and harass [Plaintiffs] because [they] had a Jewish, Israeli and Hebrew speaking travel companion." *Greaves* Am. Compl. ¶ 40, *Rodrigues* Am. Compl. ¶ 40, *Abada* Am. Compl. ¶ 40. They all allege that they are "personally aware" that Delta only investigated employees who were Jewish, "ethnic Israeli and Hebrew speakers" or employees who had travel companions in that category of individuals. *Greaves* Am. Compl. ¶ 33, *Rodrigues* Am. Compl. ¶ 33, *Abada* Am. Compl. ¶ 34. Abada, the sole Jewish plaintiff in the group, claims

the terminations were "either" the result of employees themselves being Jewish or Israeli **or** employees sharing their passes with Jewish or Israeli individuals. *Abada* Am. Compl. ¶ 34. These speculative and conclusory allegations are simply insufficient to raise an inference that Plaintiffs were discriminated against based on their race, national origin, or religion.

2. Plaintiffs Fail to Support a Plausible Inference that Any Adverse Actions Were Taken On the Basis of Their Race, National Origin, Ethnicity, or Religion.

Plaintiffs fail to plead sufficient facts, under an association or direct discrimination theory, to support an inference that any adverse action was taken based on a protected characteristic. To support a claim of associational discrimination, a plaintiff must plausibly allege facts that demonstrate they each "suffered an adverse employment action **because of**" their association with a protected class. *Holcomb v. Iona Coll.,* 521 F.3d 130, 139 (2d Cir. 2008) (emphasis added). Plaintiffs Greaves and Rodrigues, who bring claims under an association theory, concede that the reason given for their termination was their violation of the Delta travel pass policy. *Greaves* Am. Compl. ¶ 25, *Rodrigues* Am. Compl. ¶ 25. However, they have not plausibly alleged that they were treated differently than other employees who were also found to have violated Delta's travel pass policy based on an association with **non-**"Jewish/Hebrew/Israeli" individuals. *See De La Pena v. Metro Life. Ins. Co.,* 953 F. Supp. 2d 393, 413-14 (E.D.N.Y 2013) (dismissing race discrimination claims where Plaintiff did not allege any similarly situated-comparator or race-based remarks close in time to his termination). Indeed, Plaintiffs fail to point to a single similarly situated comparator. Absent any such factual allegations, Plaintiffs fail to establish a plausible inference of causation. *Jackson,* 29 F. Supp. 3d 161 (Chen, J.) (dismissing claims for racial discrimination where Plaintiff's only allegations were his "gut feeling" that he had been discriminated against, and could not identify any comparators).

Assuming that Delta was aware that Plaintiff Abada was "Jewish/Hebrew/Israeli," Abada has not pled any facts to suggest that his ethnicity factored into his termination in anyway. Like Greaves and Rodrigues, Abada fails to identify any similarly-situated individuals outside of his protected class who were treated differently. To the contrary, Abada admits that individuals outside of Abada's protected class, including Greaves and Rodrigues, who do not identify as being of "Jewish/Hebrew/Israeli" ethnicity, were also terminated as part of the travel pass investigation. *Greaves* Am. Compl. ¶ 25, *Rodrigues* Am. Compl. ¶ 25; *Jackson,* 29 F. Supp. 3d at 161. And, while Plaintiffs also allege that they overheard purported race-based comments during some undefined point in their employment with Delta, they do not allege that such remarks were made by any decision maker, or as part of the decision-making process that led to their suspension or termination.[7] *De la Pena,* 953 F. Supp. 2d at 413-414; *Fukelman, et al. v. Delta Airlines, Inc*., 18-CV-002 (PKC)(PK), ECF Dkt. No 63, at 23 ("The TAC alleges that offensive remarks were made by co-workers rather than supervisors, and not by anyone connected to the decisions to impose disciplinary action on Plaintiffs.")

As none of the Plaintiffs allege circumstances from which the Court could plausibly infer that they were terminated because of their "Jewish/Hebrew/Israeli" race or ethnicity, or based on their association with individuals of the "Jewish/Hebrew/Israeli" race or ethnicity, Plaintiffs' disparate treatment claims should be dismissed in their entirety.[8]

---

[7] The allegations in the Amended Complaint are not only unattributed to any particular Delta employee, but there is no indication that any individual making the alleged comments was a decisionmaker or involved in any way in any adverse employment decisions made against Plaintiffs.

[8] Plaintiffs also allege in the Amended Complaints that Delta violated unspecified "federal labor law" by conducting an investigation into travel pass violations and requesting that the interviewees keep their interview confidential. *See Abada* Am. Compl. ¶¶ 37-38, *Greaves* Am. Compl. ¶¶ 37-38, *Rodrigues* Am. Compl. ¶¶ 37-38. Such a claim is nonsensical, but in any event, Plaintiffs do not claim that they are attempting to bring any claims under the National Labor Relations Act ("NLRA"), and thus, Defendant does not address an NLRA claim here**.** Even if such a claim were exerted, the NRLA does not apply to Delta as an airline carrier. *See* Railway Labor Act, 45 U.S.C. § 181 (extending RLA provisions to air carriers).

## C. PLAINTIFFS' FAIL TO STATE A HOSTILE WORK ENVIRONMENT CLAIM

### 1. <u>Plaintiffs Fail to Provide Any Connection Between Any Purported Comments and Their Protected Classes or Associations.</u>

To survive a motion to dismiss on a hostile work environment claim, a plaintiff is required to "allege a connection between the hostility and his protected status." *De La Pena*, 953 F. Supp. 2d at 417. Indeed, "it is axiomatic that the plaintiff . . . must show that the hostile conduct occurred **<u>because of</u>** a protected characteristic." *Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015) (emphasis added); *Williams v. New York City Hous. Auth.,* 872 N.Y.S.2d 27, 39 (N.Y. App. Div. 2009).

Plaintiffs have now tacked on a number of conclusory allegations in their Amended Complaints in an apparent attempt to plead that Delta subjected each Plaintiff to a hostile work environment based on some sort of generalized animus towards individuals, employees or customers, of "Jewish/Hebrew/Israeli" race or ethnicity. *See, e.g., Abada* Am. Compl. ¶¶ 16-18.

As noted above, two of the three Plaintiffs (Greaves and Rodrigues) do not plead that they belong to that protected class; rather, they seem to allege that they experienced discrimination because they were "associated" with individuals of that class, purportedly because they had included such individuals on their travel pass. *See* Section D(1), *supra.* Greaves and Rodrigues do not plead any comments that would indicate that an individual exhibited hostility towards them because of their "association" with Jewish or Israeli individuals – or any other facts indicating any of these unnamed "hostile" employees knew about this purported association. *See generally Greaves* and *Rodrigues* Am. Compl. Indeed, Abada alleges the opposite – that Delta, and unnamed managers, were targeting "Jews, Hebrew speakers, and Israelis." *Abada* Am. Compl. ¶ 22 ("certain Delta managers at JFK did not agree with Delta's decision to fly to Israel and **<u>employ</u>**

**Jews, Hebrew speakers and Israelis** on these flights."); *Greaves* Am. Compl. ¶ 22 (same); *Rodrigues* Am. Compl. ¶ 22 (same); *Abada* Am. Compl. ¶ 22 ("managers did not want **Jewish and Israeli employees** sharing their travel companion benefits with other Jewish and Israeli individual[sic]."); *Greaves* Am. Compl. ¶ 22 (same); *Rodrigues* Am. Compl. ¶ 22 (same); *Abada* Am. Compl. ¶ 23 ("certain Delta managers were seeking to terminate **Jewish and Israeli employees** due to their own desires to harass such individuals."); *Greaves* Am. Compl. ¶ 23 (same); *Rodrigues* Am. Compl. ¶ 23 (same); *Abada* Am. Compl. ¶ 17(D) ("**Israeli and Jewish employees** working the Israel Flight were subjected to harassment by management including unwarranted criticism, counseling, and investigations targeting enforcement of policies **that were applied only to Jewish and Israeli employees**."); *Greaves* Am. Compl. ¶ 17 (same); *Rodrigues* Am. Compl. ¶ 17 (same) (emphasis added to all). The Amended Complaints also detail alleged harassment of passengers and flight attendants on flights to Tel Aviv. *See, e.g., Abada* Am. Compl. ¶ 17. However, none of the Plaintiffs allege that they worked as flight attendants aboard this flight, nor do they otherwise allege any basis as to their personal knowledge of these allegations.[9] Absent any specific factual allegations regarding hostility exhibited towards these Plaintiffs because of their purported protected status (i.e., their alleged association with "Jewish/Hebrew Israeli" individuals), their claims should be dismissed.

        2.      The Alleged Comments are Insufficient to Allege a Hostile Work Environment.

Furthermore, to plead a hostile work environment claim under Title VII, a Plaintiff must allege facts sufficient to show that their workplace "is permeated with 'discriminatory intimidation, ridicule, and insult,' that is sufficiently severe or pervasive [enough] to alter the

---

[9] Instead, Plaintiffs cite to what they refer to as a "related" lawsuit, *Abada* Compl. ¶ 17, brought by an employee against Delta for harassment by a manager. Plaintiffs do not allege any personal knowledge of these facts, nor do they specifically allege harassment against the same unnamed supervisor.

conditions of the victim's employment." *De La Pena,* 953 F. Supp. 2d at 414 (internal citation omitted) (alteration in original); *see also Alfano v. Costello,* 294 F.3d 365 (2d Cir. 2002). In considering whether a work environment is objectively hostile, courts look to "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* at 374. Plaintiffs carry a heavy burden in establishing a hostile work environment, and a plaintiff must come forward with "'more than a few isolated incidents of racial enmity.'" *Williams v. Cnty of Westchester,* 171 F.3d 98, 100 (2d Cir. 1999).

Plaintiffs only allege a hostile work environment under Title VII and Section 1981. *Greaves* Am. Compl. ¶¶ 42, 48, 8 ("Delta subjected Plaintiff to race, religious and national origin discrimination and a hostile and discriminatory work environment in violation of **federal law**") (emphasis added), *Rodrigues* Am. Compl. ¶¶ 8, 42, 48 (same), *Abada* Am. Compl. ¶¶ 8, 42, 48 (same). However, even if Plaintiffs intend to bring hostile work environment claims under the NYSHRL and NYCHRL, the claims would fail as well. Claims for hostile work environment at the 12(b)(6) stage are properly dismissed where the alleged hostile conduct is (1) not severe, and/or (2) consists of a few stray remarks or isolated comments over an extended period of time. *See, e.g., LaSalle v. City of New York,* No. 13-5109, 2015 WL 1442376, at *1, 7 (S.D.N.Y. Mar. 30, 2015) (dismissing hostile work environment claim where plaintiff alleged that supervisors "habitual[ly]" called her a "bitch" and used other derogatory and sexist names towards her); *Plahutnik v. Daikin Am., Inc.,* 912 F. Supp. 2d 96, 106 (S.D.N.Y. 2012) (dismissing hostile work environment claims under Title VII where Caucasian-American Plaintiff alleged that company's president gave a presentation entitled "Americans are lazy" and told plaintiff that he should "be more Japanese," after concluding that "even if discriminatory, [such incidents] were isolated and

sporadic"); *Bostick v. Suffolk Cnty*, 191 F. Supp. 2d 665, 673 (E.D.N.Y. 2002) (holding that three alleged instances of racial discrimination, spanning almost two years were insufficient to create a hostile work environment).

The comments alleged by Plaintiffs in this case fall well short of meeting these pleading requirements. Neither Abada, Greaves, nor Rodrigues allege that any purported comments were personally directed toward them, that they witnessed first-hand any of these comments, or any other specific details about the context of when or to whom such comments were made. Instead, Plaintiffs all rely on another, separate lawsuit (*Fukelman*), *Greaves* Am. Compl. ¶ 17, *Rodrigues* Am. Compl. ¶ 17, *Abada* Am. Compl. ¶ 17, in an attempt to beef up their allegations. They allege that "upon information and belief" comments by a Delta manager were made to harass a Jewish employee on the Israel flight. These allegations, where none of the Plaintiffs can attest they actually witnessed or had first-hand knowledge of, fail to give rise to a claim of a hostile work environment. *See Salas v. New York City Dep't of Investigation,* 298 F. Supp. 3d 676, 684 (S.D.N.Y. 2018) (dismissing hostile work environment claims as "allegations of discriminatory conduct directed at non-employees . . . do not plausibly amount to an objectively hostile work environment"). Indeed, Plaintiffs rely on many of the same allegations as the 10 *Fukelman* Plaintiffs, and repeat many of the same boiler-plate allegations. These same allegations were recommended for dismissal in *Fukelman* as they failed to plausibly plead a hostile work environment. *Fukelman, et al. v. Delta Airlines, Inc*., 18-CV-002 (PKC)(PK), ECF Dkt. No 63, at 46. The same result should apply here.

Even if these comments were witnessed by, or directed to, Plaintiffs, they do not rise to the level of severity to establish a hostile work environment. Racially-based comments are not severe if, *inter alia,* they are not physically threatening or humiliating, or are merely a petty slight or

trivial inconvenience, even if the comment is offensive or discriminatory. *See e.g. Plahutnik,* 912 F. Supp. 2d at 106 (isolated comments, "even if discriminatory," do not constitute hostile work environment); *Williams v. City of New York,* No. 11-3456, 2012 WL 2524726 at *7 (S.D.N.Y. June 26, 2012) (dismissing plaintiff's NYSHRL and NYCHRL hostile work environment claims after finding that homophobic comments directed at plaintiff, an openly gay male, including that he was a "fucking homo" and "faggot" amounted to no more than petty slights and inconveniences). Plaintiffs' near unanimous inability to recall who made these comments and when, or whether they ever complained to Delta about these comments, also does not support an inference that Plaintiffs were deeply aggrieved by these comments. With no allegations to support a plausible inference that Plaintiff's work environment was "permeated" with "severe and pervasive" discriminatory conduct, or even that the totality of Plaintiffs work environment was an "objectively hostile or abusive work environment in an objective person," their hostile work environment claims must be dismissed. *De La Pena,* 953 F. Supp. 2d at 414.

In short, none of the Plaintiffs in this action plead sufficient factual allegations to support any reasonable inference that Delta took improper action against them because of their race or ethnicity, or that they experienced a hostile work environment. Therefore, these claims should be dismissed.

**D.     DISCOVERY SHOULD BE STAYED PENDING THIS MOTION.** It     is appropriate to stay discovery for the pendency of this dispositive motion, as (1) Delta has clearly shown that Plaintiffs' claims are without merit, (2) discovery would pose a significant burden on Delta, and (3) there is no risk of unfair prejudice to Plaintiffs. *Thomas v. New York City Dep't. of Educ.,* No. 09-5167 (SLT), 2010 WL 3709923, at *3 (E.D.N.Y. Sept. 14, 2010). As set forth above, there are significant and fatal deficiencies in Plaintiffs' Amended Complaints, which

clearly warrant dismissal. Given there are three individual Plaintiffs in this matter, discovery in this case is potentially very broad, likely encompassing, for instance, requests relating to comparably situated employees related to each Plaintiff. To impose that discovery burden on Delta for claims that ought to be dismissed with prejudice would be unwarranted. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24,* 236 F.R.D. 113 (E.D.N.Y. 2006) (staying discovery where case included numerous plaintiffs and numerous distinct causes of action, and defendants' motion to dismiss raised significant questions regarding the merits of plaintiffs' claims).

Furthermore, even partial resolution of the instant motion in Defendant's favor could result in the removal of some Plaintiffs, or some types of claims, in their entirety, rendering it unpredictable what documents and/or information would be relevant to any claims that remain. *See Thomas,* 2010 WL 3709923 at *3-4 (staying discovery where, *inter alia,* granting a motion to dismiss, even in part, would "narrow and clarify the scope of the issues in this litigation"). Finally, there is no basis to claim that delay in discovery would cause Plaintiff prejudice. Accordingly, a stay is appropriate.

IV. **CONCLUSION**

For all of the foregoing reasons, Plaintiffs' Amended Complaints should be dismissed in their entirety, with prejudice, together with such other and further relief as this Court deems appropriate, and discovery stayed pending the determination of this motion.

Dated: New York, New York

May 8, 2020

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Ira G. Rosenstein*

Ira G. Rosenstein
John P. Guyette
Liliya P. Kramer
101 Park Avenue
New York, New York 10178
Tel: (212) 309-6000
Fax: (212) 309-6001
ira.rosenstein@morganlewis.com
john.guyette@morganlewis.com
liliya.kramer@morganlewis.com

*Attorneys for Defendant Delta Air Lines, Inc.*