UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVRAHAM ABAD, | **Case No. 19-CV-03903-KAM-VMS** |
| Plaintiff, | Related Cases:<br>Case No. 19-CV-03904-KAM-VMS |
| v. | Case No. 19-CV-03962-KAM-VMS |
| DELTA AIR LINES, INC., | **MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS** |
| Defendant. | |

The plaintiff, Avraham Abad, and the related plaintiffs, Tara Greaves, Case No. 19-CV-03904-KAM-VMS and Eugene Rodrigues, Case No. 19-CV-03962-KAM-VMS collectively respond to the defendant, Delta Air Lines' motion for dismiss and respectfully moves the Court to deny the motion because Delta has failed to show that the complaints do not plausibly give rise to an entitlement to relief. The plaintiffs originally brought suit against Delta for violation of the Civil Rights Act (42 U.S.C. § 1981), Title VII, New York State Human Rights Law and New York City Human Rights Law. The plaintiffs now withdraw their claims under Section 1981and it will not be addressed in this response.

## I. THE FACTUAL ALLEGATIONS

The plaintiffs do not dispute the defendant's recitation of the relevant facts in their motion to dismiss. *See* Def. Mem. Law, Sec. II, subsection A. There, the

1

defendant states the following from the plaintiffs' complaints:

> Plaintiff Abada is a former Passenger Service Representative for Delta, Abada Am. Compl. ¶ 7, who was assigned to work at John F. Kennedy International Airport. Abada Am. Compl. ¶ 11. Abada self-identifies as being "of Jewish, Hebrew and Israeli descent." Abada Am. Compl. ¶ 7. Abada alleges that on August 11, 2017, he was suspended without pay from his position at Delta for violating the Delta Travel Companion Pass Policy. Abada Am. Compl. ¶ 24.
>
> An investigation ensued, and Abada alleges that "to [his] knowledge and belief, he cooperated with the investigation and his travel companion never misused the travel companion benefit or used it for business purposes." Abada Am. Compl. ¶ 28.
>
> Abada claims that Delta's actions "are discriminatory as they were not tailored to address violations of the Travel Companion Pass Policy but rather focused more broadly to target Jewish and Israeli individuals." Abada Am. Compl. ¶ 30. After Delta's investigation into his alleged violation of the policy, Abada was terminated on November 17, 2017. Abada Am. Compl. ¶ 25.
>
> Plaintiffs Greaves and Rodrigues do not identify as being Jewish, Hebrew, or Israeli. Rather, they allege identical claims of discrimination based on their "association" with Jewish, Hebrew, or Israeli individuals. Plaintiff Greaves alleges that she is a "58-year-old female of West Indian descent." Greaves Am. Compl. ¶ 11. Greaves alleges that she worked as a Gate Agent for Delta at John F. Kennedy airport. Greaves Am. Compl. ¶ 11.
>
> On or about September 26, 2017, Greaves was suspended from her employment for violating the Delta travel companion pass policy. Greaves Am. Compl. ¶ 24. When Greaves was investigated by Delta for violations of the travel pass policy and questioned, Greaves alleges that although she "knew her companion for over 10 years," she was "unable to recall every single minute detail of her Companions personal life." Greaves Am. Compl. ¶ 30.

>Greaves further alleges that because of Delta's "aggressive" questioning, "she began to have increased difficulty recalling information responsive to Delta's questioning." Greaves Am. Compl. ¶ 24. On or about October 13, 2017, Greaves was terminated from employment at Delta. Greaves Am. Compl. ¶ 25.
>
>All three Plaintiffs acknowledge that they were suspended and ultimately terminated for violating Delta's travel companion pass policy. Abada Am. Compl. ¶¶ 24-25; Greaves Am. Compl. ¶¶ 24-25; Rodrigues Am. Compl. ¶¶ 24-25, Compl. ¶¶ 22-24.

*See* Def. Mem. Law, Sec. II, subsection A.

## II. THE LEGAL STANDARDS

### *A. Motions to Dismiss*

In reviewing a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6) a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint," *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998). This standard, however, has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d

3

147, 152-52 (2d Cir. 2002).

### B. *Claims of Employment Discrimination*

The substantive standards applicable to claims of employment discrimination under Title VII and the New York State Human Rights Law. *Vivenzio v. City of Syracuse*, 611 F.3d 98, 106 (2d Cir. 2010). New York City Human Rights Law claims are to be analyzed "separately and independently from federal and state discrimination claims." *Mihalik v. Credit Agricole Cheuvreux North America, Inc.*, 715 F.3d 102, 113 (2d Cir. 2013). "The provisions of [the NYCHRL] are to be construed independently from similar or identical provisions of New York state or federal statutes." N.Y.C. Local Law No. 85 § 1 (2005); *see also Loeffler v. Staten Island Univ. Hosp.,* 582 F.3d 268, 278 (2d Cir.2009) ("As a result of the Restoration Act, the [NYCHRL] now explicitly requires an independent liberal construction analysis in all circumstances, even where state and federal civil rights laws have comparable language.") (quoting *Williams v. N.Y.C. Housing Auth.,* 61 A.D.3d 62, 66-69, 872 N.Y.S.2d 27 (1st Dep't 2009)).

In this case, there is no *independent liberal construction analysis* of the provisions of the New York City Human Rights Law by Defendant Delta. Therefore, Delta has waived any argument for dismissal of those claims.

"Under *Iqbal* and *Twombly*, . . . in an employment discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against

4

[Plaintiff] and (2) [Plaintiff's] race, color, religion, sex, or national origin was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015) (referencing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

A plaintiff may plausibly allege that race, national origin or religion was a motivating factor by alleging "facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega,* 801 F.3d at 87. "It is well-settled that an inference of discriminatory intent may be derived from a variety of circumstances, including . . . the more favorable treatment of employees not in the protected group . . .." *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009); *see also Vill. of Freeport v. Barrella*, 814 F.3d 594, 601 n.9 (2d Cir. 2016) ("Of course, the fact that an employer favored someone outside of the relevant protected class will ordinarily suffice to sustain an inference of discrimination." (internal quotation marks omitted)).

### III. ARGUMENT

#### *A. Delta's Argument Is Outside of the Four-Corners of the Complaint*

In their motion to dismiss, Delta -as they did in their pre-motion letter and in the pre-motion hearing- have included arguments that are not in the operative complaints nor raised by the plaintiffs in argument before the Court. *See* Def. Mem. of Law, Sec. I. Rather, Delta has alluded to a factual arguments in *Fukelman, et al.*

5

*v. Delta Airlines, Inc., 18-CV-002 (PKC)(PK), a* case presented before Magistrate Judge Kou with a Report and Recommendation to the District Court *See id.*, pg. 8 and 14 (Delta's argument on the facts in *Fukelman* continues). There, without any factual support from the plaintiffs' operative complaints, Delta boldly claims that "[i]nstead, Plaintiffs all rely on another, separate lawsuit (*Fukelman*). *See id*. This is well outside of the four-corners of a complaint standard in long line of decisional law on what defines the contours of a Rule 12 (b)(6) motion. Therefore, because it is wholly insufficient, Delta's motion to dismiss must be denied.

### *B. The Plaintiffs Have Plead Sufficient Facts*

Rule 12(b)(6) does not countenance "dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974). Accepting the facts in the pleadings as true and giving them all reasonable inferences, a court must dismiss under Rule 12(b)(6) "[i]f as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Neitzke*, 490 U.S. at 326-27. At the pleading stage, "a plaintiff is not required to plead a prima facie case under *McDonnell Douglas*, at least as the test was originally formulated, to defeat a motion to dismiss." *Vega,* 801 F.3d at 84; *see also* Littlejohn v. City of New York, 795 F.3d

297, 311 (2d Cir. 2015).

Next, Delta spends time discussing a hostile working environment claim. *See* Def. Mem. of Law, Sec. III, subsection C. The Plaintiffs, however, have not alleged such is a separate count or cause of action in their operative complaints. *See* Def. Mem. of Law, Sec. III, subsection C. Throughout the complaint, the sole utterance of the word "hostile" can be found in paragraphs 8, 42 and 48 of the Amended Complaint. There, in paragraph 8, the plaintiffs allege in the subsection titled "Nature of the Action," that ". . .. national origin discrimination and a hostile and discriminatory work environment in violation of federal law." Paragraph 42, in the Section 1981 claim is moot given the plaintiffs abandonment of Count I. And paragraph 48, Count II premised under Title VII, where Plaintiff allege "[a]s described above, Delta has subjected Plaintiff to discrimination and maintained a hostile work environment and subjected him to an atmosphere of adverse actions in violation of Title VII of the Civil Rights Act of 1964," is a claim of adverse employment action based on a termination of employment.

Lastly, Delta is dismissive of the plaintiffs' pleading facts based on "information and belief." See Def. Mem. of Law, pg. 5. There, in support of their theory, Delta cities to *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120 (2d Cir. 2010) for a sentence that is taken out of context. *See id*. There, the sentence reads "where the belief is based on factual information that makes the inference of

7

culpability plausible." *Id*. There, the proper reading is:

> The *Twombly* plausibility standard, which applies to all civil actions, *see Iqbal*, 129 S.Ct. at 1953, does not prevent a plaintiff from "pleading facts alleged 'upon information and belief' " where the facts are peculiarly within the possession and control of the defendant, *see, e.g.*, *Boykin v. KeyCorp*, 521 F.3d 202, 215 (2d Cir.2008), or where the belief is based on factual information that makes the inference of culpability plausible, see Iqbal, 129 S.Ct. at 1949 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). The *Twombly* Court stated that "[a]sking for plausible grounds to infer an agreement does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal[ity]." 550 U.S. at 556, 127 S.Ct. 1955.

*Arista Records*, 604 F.3d 110 at 120. In this case, there is report of an internal investigation controlled by Delta that was the purported basis of Delta's unlawful action against Plaintiffs. Plaintiffs' have not yet seen the report for which Delta has alluded to in their motion. *See Def. Mem. of Law*, pg. 1 ("the *Fukelman* Plaintiffs' claims were based on the same underlying events stemming from Delta's investigation into the travel pass scheme, and the ultimate termination of Delta employees"). Thus, pleading "upon information and belief" in this case is allowable where the facts are peculiarly within the possession and control of Delta, the defendant.

## II. CONCLUSION

To paraphrase the court in *Vega,* the Amended Complaints here shows the sort of "mosaic" of intentional discrimination based on "bits and pieces" of evidence that we expect to see in a discrimination claim because "clever men may easily conceal their motivations." 801 F.3d at 86 (*quoting Robinson v. 12 Lofts Realty*, *Inc.*, 610 F.2d 1032, 1043 (2d Cir. 1979)). This is enough to meet the pleading standard under *Iqbal* and *Twombly*. Therefore, the plaintiffs respectfully move the Court to deny Delta's motion to dismiss.

June 4, 2020  
New York, New York

Respectfully submitted,

MASON LAW, PLLC  
11 Broadway – Suite 615  
New York, NY 10004

LAW OFFICE OF  
LOCKSLEY O. WADE, LLC  
11 Broadway, Suite 615  
New York, NY 10004  
(212) 933-9180  
(212) 933-9181 – Fax  
wade@wadefirm.com – Email  
*Attorneys for Plaintiff*

By: /s/ *Locksley O. Wade*  
Locksley O. Wade, Esq.