IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVRAHAM ABADA,<br>TARA GREAVES,<br>EUGENE RODRIGUES,<br><br>        Plaintiffs,<br><br>  -against-<br><br>DELTA AIR LINES, INC.,<br><br>        Defendant. | Case Action Nos.<br>19-cv-03903-KAM-VMS<br>19-cv-03904-KAM-VMS<br>19-cv-03962-KAM-VMS<br><br>*Oral Argument Requested* |

**DEFENDANT DELTA AIR LINE, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS THE AMENDED COMPLAINTS**

Dated: June 17, 2020        **MORGAN, LEWIS & BOCKIUS LLP**

                   Ira G. Rosenstein
                   John P. Guyette
                   Liliya P. Kramer
                   101 Park Avenue
                   New York, New York 10178
                   Tel: (212) 309-6000
                   Fax: (212) 309-6001
                   ira.rosenstein@morganlewis.com
                   john.guyette@morganlewis.com
                   liliya.kramer@morganlewis.com

                   *Attorneys for Defendant Delta Air Lines, Inc.*

## I.  INTRODUCTION

Plaintiffs' Memorandum of Law in Opposition to Delta's Motion to Dismiss, dated June 4, 2020 ("Plaintiffs' Opposition" or "Opp.") further exposes the dearth of factual allegations in Plaintiffs' stew of unsupported, conclusory, and threadbare claims of discrimination. After amending their Complaints once already and confirming to the Court that they have no additional facts to plead, Plaintiffs' Opposition does nothing to address any of the legal or factual arguments Delta raised in its moving brief ("Motion").[1] Instead, Plaintiffs focus on lengthy citations to the motion to dismiss legal standard, while at the same time ignoring the glaring fact that many of their boilerplate allegations are copied verbatim from another Eastern District case recently dismissed in its entirety, *Fukelman et al. v. Delta Airlines, Inc.*, 18-CV-002 (PKC)(PK).[2]

On May 29, 2020, after Delta served its Motion on Plaintiffs, District Judge Pamela Chen issued a decision adopting in full the report and recommendation referenced in Delta's Motion, dismissing the *Fukelman* Plaintiffs' claims in their entirety. Def. Motion at 4–14; *Fukelman et al. v. Delta Airlines, Inc.* 18-CV-002, 27 (E.D.N.Y. Apr. 13, 2020), *adopted by Fukelman et al. v. Delta Airlines, Inc.* 18-CV-002 (E.D.N.Y. May 29, 2020) ("*Fukelman* R&R" and "*Fukelman* Order Adopting R&R," respectively). As the Court reasoned in *Fukelman*, Plaintiffs' Complaint "simply fails to allege any facts from which to plausibly infer that any of the disciplinary actions taken against Plaintiffs were motivated by racial, ethnic, or religious animus." *Fukelman* Order

---

[1] Plaintiffs, by their own admission, waive their § 1981 and hostile work environment claims. Opp. at 1, 7 (Noting "plaintiffs now withdraw their claims under Section 1981" and "have not alleged . . . a separate count or cause of action" for a hostile work environment claim).

[2] Plaintiffs rely on the *Iqbal/Twombly* motion to dismiss standard, and, peculiarly, on an assertion that they may plead allegations upon information and belief despite the failure to plead any underlying factual basis upon which such information and belief is founded. Opp. at 7-8; *see also Bell Atlantic Corp. et al. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (U.S. 2009). Aside from speculating that Delta's internal investigation *could* support their theory of discriminatory animus, Plaintiffs offer no facts underlying this conclusory assertion.

Adopting R&R at 6.  The same analysis holds true to Plaintiff's claims here, and the same result should apply.

## II. PLAINTIFFS' CITATION TO THE NYCHRL STANDARD WITHOUT ANY FACTS SUPPORTING THEIR CLAIMS IS INSUFFICIENT TO STATE A CLAIM.

Apparently aware of the threadbare factual allegations supporting their conclusory claims of discrimination, Plaintiffs hope to avoid dismissal by clinging to their NYCHRL claim and incorrectly assert that Delta has somehow waived its right to seek dismissal of these claims. Contrary to Plaintiffs' assertion, *see* Opp. at 4, Delta utilizes and cites to the applicable legal standard under the NYCHRL.  *See* Def. Mot. At 11 (citing *Williams v. New York City Hous. Auth.*, 872 N.Y.S.2d 27, 39 (N.Y. App. Div. 2009)).  Although the NYCHRL standard mandates that courts construe claims "broadly in favor of discrimination to Plaintiffs," *Albunio v. City of New York*, 16 N.Y.3d 472, 477–78 (2011), the NYCHRL standard only applies "to the extent such construction is reasonably possible." *Id.* at 477–78.  Moreover, the NYCHRL "is not a 'general civility code' and a plaintiff 'still bears the burden of showing that the conduct is caused by a discriminatory motive.'" *Jackson v. City of New York*, 29 F. Supp. 3d 161, 173 (E.D.N.Y. 2014). Plaintiffs' Amended Complaints and Opposition are devoid of any facts (as opposed to conclusory assertions) suggestion any discriminatory motive behind their terminations.

Because Plaintiffs offer no factual basis for their claims, their arguments fail under *any* applicable legal standard.  *See Williams v. Victoria's Secret*, No. 15-4715, 2017 WL 1162908, at *9 (S.D.N.Y. Mar. 28, 2017) (dismissing plaintiff's NYCHRL claim for failure to raise a plausible inference of discrimination).  Furthermore, Plaintiffs' failure to respond to Delta's arguments regarding Plaintiffs' hollow NYCHRL claims (Def. Motion at 6, 13) merits abandonment of these claims.  *See Fukelman* R&R at 27 (citing *Wilkinson v. New York State*, 2019 WL 5423573 at *6

3

n.9 (E.D.N.Y. Oct. 22, 2019) ("[The] Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed.")).

**III. PLAINTIFFS' FOUR-CORNERS ARGUMENT IS A MERITLESS DISTRACTION FROM PLAINTIFFS' FAILURE TO PLEAD FACTS SUGGESTING A PLAUSIBLE INFERENCE OF DISCRIMINATION.**

Instead of responding to Delta's Motion with factual and legal arguments, Plaintiffs incorrectly argue that Delta's reference to *Fukelman* somehow violates the four-corners rule with respect to motions to dismiss. *See* Opp. at 5–6. This argument strains credulity and is discredited by the primary authority that Plaintiffs cite in their Opposition. *See* Opp. at 3 (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002)).

Indeed, Plaintiffs recognize that the four-corners rule is interpreted broadly to include "any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken." Opp. at 3 (quoting *Chambers*, 282 F.3d at 152). Moreover, "courts routinely take judicial notice of documents filed in other courts . . . not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). The operative pleading in *Fukelman*, Magistrate Judge Kuo's Report and Recommendation recommending dismissal, and District Judge Chen's adoption of said Report and Recommendation, are all publicly available documents on the Court's docket, of which the Court may take judicial notice. *See Fukelman,* 18-cv-002 (PKC) (PK), Dkt. Nos. 37, 63 and 68.

Significantly, many of the allegations asserted by Plaintiffs here are copied verbatim from the *Fukelman* case. For example, below is just a sampling of the claims that mirror each other.

4

| ***Fukelman*** **Allegations (Third Amended Complaint, Dkt. No. 37)** | ***Abada*** **Allegations (Amended Complaint, Dkt. No. 19)** |
|---|---|
| ¶ 1: "Delta Air Lines has engaged in a pattern of intentionally discriminating and retaliating against ethnically Jewish, Hebrew and/or Israeli employees based upon their race and ancestry, and of intentionally discriminating against non-Jewish employees who have associated with Jewish, Hebrew and/or Israeli flight attendants, travel companions or customers, or were perceived to be so associated." | ¶ 5: "Delta Air Lines has engaged in a pattern of intentionally discriminating and retaliating against ethnically Jewish, Hebrew and/or Israeli employees based upon their race and ancestry, and of intentionally discriminating against non-Jewish employees who have associated with Jewish, Hebrew and/or Israeli flight attendants, travel companions or customers, or were perceived to be so associated." |
| ¶ 2: "Delta has engaged in a pattern of intentionally discriminating against employees of Jewish, Hebrew and/or Israeli ethnicity by altering, restricting, changing and denying to said employees the same terms and conditions of employment and passage as granted to non-Jewish, Hebrew and/or ethnic Israeli employees, including but not limited to the following: a. Delta has punished Plaintiffs for their religion, ethnicity or association with others and has either restricted their employment rights, **denied them promotions for pretextual reasons, restricted the use of their travel companion benefits** or subjected them to harassment and abuse as part of the pattern of discrimination against those of Jewish, Hebrew or Israeli ethnicity and those who associate with them; b. Plaintiffs herein who are not identified as Jewish, Hebrew or Israeli, at all times relevant hereto, were associated with Jewish, Hebrew or Israeli travel companions and/or Jewish, Hebrew, or Israeli co-workers and customers on the New York to Tel Aviv Flight[.]" | ¶ 6: "Delta has engaged in a pattern of intentionally discriminating against employees of Jewish, Hebrew and/or Israeli ethnicity by altering, restricting, changing and denying to said employees the same terms and conditions of employment and passage as granted to non-Jewish, Hebrew and/or ethnic Israeli employees, including but not limited to the following: a. Delta has punished Plaintiffs for their religion, ethnicity or association with others and has either restricted their employment rights, **terminated their employment** or subjected them to harassment and abuse as part of the pattern of discrimination against those of Jewish, Hebrew, or Israeli ethnicity and those who associate with them; b. Plaintiffs herein who are not identified as Jewish, Hebrew or Israeli, at all times relevant hereto, were associated with Jewish, Hebrew or Israeli travel companions and/or Jewish, Hebrew, or Israeli co-workers and customers on the New York to Tel Aviv Flight[.]" |
| ¶ 26: Alleging, upon information and belief, that in another unrelated case a "manager: | ¶ 17 Alleging, upon information and belief, that in another unrelated case a "manager: |

| *Fukelman* Allegations (Third Amended Complaint, Dkt. No. 37) | *Abada* Allegations (Amended Complaint, Dkt. No. 19) |
|---|---|
| 1. "[A]pproached the employee and asked 'hi why you jewish guys killing kids in Gaza." | i. "[A]pproached the employee and asked, 'hi why you jewish guys killing kids in Gaza." |
| 2. Stated: "Heil Hitler!" in a "loud voice" in the computer room. | ii. Stated: "Heil Hitler!" in a "loud voice" in the computer room. |
| 3. Kept calling him "[J]ewish guy." | iii. Kept calling him "[J]ewish guy." |
| 4. Spread bad words about him behind his back to other employees. | iv. Spread bad words about him behind his back to other employees. |
| 5. Subjected him to "harassment and discrimination in his work environment and against [D]elta airline policy upon illegal factors such as his race and religion…." | v. Subjected him to "harassment and discrimination in his work environment and against [D]elta airline policy upon illegal factors such as his race and religion…." |

As the *Fukelman* Court observed "Plaintiffs' approach to their [discrimination] claims . . . essentially combines every bad aspect of their employment—regardless of who was responsible for it or when it occurred—into a stew they allege creates an aroma of discriminatory animus." *Fukelman* Order Adopting R&R at 6.  Here, Plaintiffs Abada, Greaves, and Rodrigues follow the same recipe as the *Fukelman* Plaintiffs whether claiming discrimination based on his or her own protected characteristic or discrimination based on an association with "Jewish, Hebrew, and Israeli" individuals.  Their conclusory assortment of allegations recycled from *Fukelman* and asserted under similar theories of discrimination, are simply insufficient to provide an "aroma of discriminatory animus." *Id*.

This Court may take judicial notice of the similarities between the claims here and those alleged in *Fukelman* in reaching its decision on Delta's Motion.  "It is not enough for Plaintiffs to allege that, over the course of years, a handful of unnamed co-workers and supervisors have made offensive comments about certain racial, ethnic, or religious groups . . . [to] transform those actions, even if unjustified, into discriminatory adverse employment actions." *Id.*  Plaintiffs here clearly seek an avenue of relief that the *Fukelman* Plaintiffs relied upon as well, and those

6

allegations were dismissed in their entirety. The same analysis should apply here. Plaintiffs' boilerplate allegations fail under any statute, and should be dismissed in their entirety.

## IV. CONCLUSION

For the reasons set forth above, as well as those set forth in Delta's Motion, the Court should dismiss Plaintiffs' Amended Complaints in their entirety, with prejudice together with such other and further relief as this Court deems appropriate.

Dated:  New York, New York

       June 17, 2020

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Ira G. Rosenstein*

    Ira G. Rosenstein
    John P. Guyette
    Liliya P. Kramer
    101 Park Avenue
    New York, New York 10178
    Tel: (212) 309-6000
    Fax: (212) 309-6001
    ira.rosenstein@morganlewis.com
    john.guyette@morganlewis.com
    liliya.kramer@morganlewis.com

    *Attorneys for Defendant Delta Air Lines, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I caused to be served a true and correct copy of Defendant Delta Air Line, Inc's Reply Memorandum of Law In Further Support of Its Motion to Dismiss the Amended Complaints, via the Court's CM/ECF system, on this 17th day of June, 2020, on all counsel of record.

                                                                */s/ John P. Guyette*
                                                                John P. Guyette